**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048 BKT** |
| **PMC MARKETING CORP** | **Chapter 7** |
| | **Adversary No. 12-00098** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PMC MARKETING CORP** | |
| **Plaintiff** | |
| **vs.** | |
| **THE COCA COLA COMPANY** | |
| **Defendant(s)** | **FILED & ENTERED ON 05/10/2017** |

**OPINION & ORDER**

Before this court is Defendant, The Coca Cola Company's ("TCCC") *Emergency Motion to Expedite Consideration of Motion to Set Aside Judgment and Execution* [Dkt. No. 36], Defendant's *Motion requesting Entry of Order* [Dkt. No. 37], Defendant's *Motion to Set Aside Judgment and Execution* [Dkt. No. 38], Plaintiff/Trustee's *Opposition to Motion to Set Aside Judgment and*

*Execution* [Dkt. No. 42], and Defendant's *Reply to Opposition to Motion to Set Aside Judgment and Execution* [Dkt. No. 46]. For the reasons set forth below, the Defendant's *Motion to Set Aside Judgment and Execution* [Dkt. No. 38] is DENIED.

### I.  FACTS

On March 2, 2012, Plaintiff filed a complaint for turnover of property of the estate pursuant to 11 U.S.C. § 547 [Dkt. No. 1]. On March 6, 2012, summons was issued to Defendant's resident agent address [Dkt. No. 2]. On May 8, 2012, Plaintiff sent a copy of the complaint, the summons and order setting pretrial conference to Defendant's resident agent [Dkt. No. 5]. Since no answer was received, new summons were requested and later served on Defendant's physical address. [Dkt. Nos. 8, 14, 16, 19]. On November 7, 2012, Plaintiff filed a Motion Requesting the Entry of Default [Dkt. No. 15] which was sent to Defendant to its physical address [Dkt. No. 20]. On May 31, 2013, the court entered Defendant's default [Dkt. No. 21]. On June 17, 2013, Plaintiff requested a Judgment by Default [Dkt. No. 23], and a copy of the motion requesting judgment by default was sent to Defendant to its physical address [Dkt. No. 23]. On July 28, 2013, the court entered judgement by default against Defendant [Dkt. No. 26]. On August 16, 2013, the adversary proceeding was closed.

On December 19, 2016, more than three (3) years later, Defendant requested the court to set aside the default judgment and execution [Dkt. No. 38]. Defendant argues that it never received notice of the complaint.  Defendant also argues that Plaintiff's motions for entry of default and judgment by default [Dkt. No's. 15 and 23] issued were improvidently granted, because Plaintiff failed to include the affidavits required by Rule 55 of the Federal Rules of Civil Procedure, and thus,

the court was prevented from considering these motions. Lastly, Defendant argued that TCCC has never done business with Plaintiff, thus TCCC is not the proper defendant in this case and it is an unrelated entity.

Plaintiff opposes Defendant's *Motion to Set Aside Judgment and Execution* on the grounds that Defendant failed to meet the standard of Rule 60(b) of the Fed. Rules of Civ. Proc. because the request was filed untimely as it was filed 3 years later after judgment by default was entered, and because Defendant did not provide evidence of the existence of any exceptional circumstances that would favor the extraordinary relief as required by Rule 55(c) of the Fed. Rules of Civ. Proc. [Dkt. No. 42].

## II. DISCUSSION

Fed. R. Civ. P. 55(c) provides that a court may set aside a final default judgment under Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60 affords six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order or proceeding. Particularly, Defendant proffers that the default judgment should have been vacated as void because it was never notified of the adversary complaint, and because Plaintiff failed to include the affidavits required by Fed. R. Civ. P. 55.

Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments do not become instruments of oppression and fraud. 10 Collier on Bankruptcy ¶9024.03 (16th ed.). "[T]he court may relieve a party …from a final judgment, order, or proceeding [if]… the judgment is void." Fed. R. Civ. P. 60(b)(4).

Relief under Fed. R. Civ. P. 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodríguez Camacho, 361 B.R. 294 (B.A.P. 1st Cir. 2007)(citing Simon v. Navon, 116 F.3d 1, 5 (1stCir. 1997)). A party who seeks relief under Rule 60(b) must persuade the court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right evidence to mount a potentially meritorious claim of defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. In re Rodríguez Camacho supra (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1stCir. 2002)).

However, such relief must be applied so as to recognize the desirability of deciding disputes on their merits, while also considering the importance of finality as applied to court judgments. Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 457 F.3d. 58, 64 (2001). The decision to grant or deny Rule 60(b) relief lies in the sound discretion of the court and will be reviewed only to determine if the court abused its discretion.

Defendant makes four arguments in support of its position that the default judgment entered in this case should be set aside. First, Defendant argues that the service of process was invalid because TCCC was never notified of the complaint. Second, Defendant argues that Plaintiff's motion requesting the entry of default failed to comply with Rule 55 of the Federal Rules of Civil Procedure because Plaintiff failed to include affidavits that show TCCC's failure to plead or otherwise defend. Third, Defendant argues that the default judgment was improvidently granted because Plaintiff failed

to provide an affidavit showing the amount due, and showing that the Defendant against whom the default judgment was entered was neither a minor nor an incompetent as required by Fed. R. Civ. P. 55(b)(1). Lastly, Defendant argues that TCCC has never done business with Plaintiff, thus TCCC is not the proper defendant in this case and is an unrelated entity. The court addresses each argument in turn.

**A.     Service of Process**

As an initial matter, the court must address whether service was effected upon TCCC pursuant to Rule 4 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7004 of the Federal Rules of Bankruptcy Procedure. Proper service under Rule 7004 is necessary to establish personal jurisdiction over a defendant corporation or association. Precision Etching and Findings, Inc. v. LGP Gem Ltd., 953 F.2d 21, 23 (1st Cir. 1992). Failure to comply with Rule 7004 will render service of process insufficient, and will deprive the bankruptcy court of personal jurisdiction over the defendant corporation or association. Thus, if the court does not have jurisdiction, any order or judgment entered by the court is void for lack of personal jurisdiction. In re Maloni, 282 B.R. 727, 731 (B.A.P. 1st Cir. 2002) (citing Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas, Inc., 653 F.2d 54 (1st Cir. 1981); In re Harlow Properties, Inc., 56 B.R. 794, 796 (B.A.P. 9th Cir. 1985)).

Rule 7004 applies in adversary proceedings and governs service of a summons and complaint upon corporations and associations. Specifically, Rule 7004(h)(1) allows service of process to be

made upon corporations and associations in accordance with the laws of the state in which the district court is located in the manner prescribed for individuals under subdivision (e)(1); or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…."

Since Fed. R. Bankr. P. 7004(e) permits service to be effectuated as provided for under the relevant state law, the court also looks to the Puerto Rico Rules of Civil Procedure and the Puerto Rico Law on Corporations for guidance. Roldan v. Cooperativa de Ahorro y Credito Roosevelt Roads, No's. 03-06144 (GAC), 04-00077, 2006 Bankr. LEXIS 3913, at *8 (U.S. Bankr. D.P.R. Jan. 19, 2006) (citing Luis R. Gonzalez v. Ritz Carlton Hotel Co. of Puerto Rico, 241 F.Supp.2d 142, 147 (D.P.R. 2003). There are two rules that govern service upon corporations –both provisions establish essentially the same requisites of proper service of a summons and complaint, as that established under Fed. R. Bankr. P. 7004. First, Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure and the Puerto Rico Law on Corporations states that "a corporation, a company, partnership, association or any other artificial person, [may be served] by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." Id.

Second, the Puerto Rico law on corporations also addresses the requirements for properly serving process upon any corporation organized in Puerto Rico. It states that "[s]ervice of legal process upon any corporation organized in the Commonwealth, or by leaving it at the dwelling place

or usual place of abode of any officer, director or registered agent…in the Commonwealth, or at the registered office or other place of business of the corporation in the Commonwealth." 14 L.P.R.A. § 3126.

Under the applicable Bankruptcy Rules, the Puerto Rico Rules of Civil Procedure, and the Puerto Rico Law on Corporations ("Rules"), the court finds that service of the summons and complaint was sufficient. In the instant case, Plaintiff filed a service to an address that corresponds to Defendant's resident agent as available in the Registry of Corporations of the Department of State of Puerto Rico. Furthermore, Plaintiff, again filed a service of the summons and complaint to TCCC's physical address. As such, absent evidence to the contrary, the verified certificate of service establishes that the summons and complaint were served on an officer of TCCC.

### B. Entry of Default

The court must now determine whether Plaintiff's motions requesting the entry of default and judgment by default [Dkt. No's. 15 and 23] failed to comply with Rule 55 of the Federal Rules of Civil Procedure because Plaintiff failed to include affidavits to show Defendant's failure to plead or otherwise defend. Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). When requesting the entry of default, Plaintiff filed a certificate of service showing that Defendant was served with the summons and the complaint. After concluding that the certificate of service was rightly served upon TCCC,[1] and corroborating that no response whatsoever was filed in

---

[1] Following Plaintiff's request for 'entry of default', the court held a hearing on November 8, 2012. At said hearing, the court ordered the Plaintiff to provide evidence of service of the summons and complaint to

the docket of the case by TCCC, the court finds these elements are sufficient to comply with Rule 55(a).

### C. Default Judgment

The court must now determine whether the default judgment was improvidently granted as a result of Plaintiff's failure to provide an affidavit showing the amount due and showing that the Defendant against whom the default judgment was entered was neither a minor nor an incompetent as required by Fed. R. Civ. P. 55(b)(1). Rule 55 (b)(1) of the Federal Rules of Civil Procedure, when entering a default judgment by the clerk, provides that "[i]f a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). However, in this case, the judgment was issued by the court, making Rule 55(b)(2) applicable. Rule 55(b)(2) of the Federal Rules of Civil Procedure does not require Plaintiff to present any affidavit whatsoever. Thus, Defendant's argument that the judgment by default was improvidently granted because Plaintiff failed to show an affidavit showing the amount due and that the Defendant is neither a minor nor an incompetent as required by Rule 55(b)(1), is without merit.

### D. Wrong Defendant

Defendant's last argument that the complaint was wrongly instituted against it has no merit at this time of the proceeding. The court concludes that TCCC was properly served with the summons and complaint. Having been properly served, Defendant had the chance to bring any and all

---

Defendant in the form of evidence of a signed receipt for certified mail. See Dkt. No. 17. Plaintiff provided the evidence requested by the court on November 16, 2012 [Dkt. No. 19].

defenses, but chose not to answer the complaint or file any pleadings prior to the judgment being entered.

### III. CONCLUSION

The court finds that Defendant has failed to present extraordinary circumstances as to set aside the default judgment and execution. There is no reason for the court to believe that Defendant was not properly notified of the proceedings as the certificates of service prove the contrary. The certificates of service and an evaluation of the docket are sufficient proof of Plaintiff's compliance with the required elements of Rule 55(a) of the Federal Rules of Civil Procedure. Rule 55(b)(1) and its requirements are not applicable to this case since the default judgment was entered by the court. And, finally, the time to present affirmative defenses against the complaint is been long past due, and there is no reason for this court to consider the untimely defenses presented.

WHEREFORE, IT IS SO ORDERED that the Motion to Set Aside Judgment and Execution [Dkt. No. 38] is DENIED.

SO ORDERED

San Juan, Puerto Rico, this 10th day of May, 2017.

Brian K. Tester
U.S. Bankruptcy Judge